IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW J. VOLZ,

    **Plaintiff,**

v.                                                              Civil Action No. 3:16cv249

**UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United States Equal Employment Opportunity Commission's (the "EEOC") Motion to Dismiss. (ECF No. 2.) Plaintiff Andrew J. Volz, proceeding *pro se*, has not responded to the Motion to Dismiss, and the time to do so has expired.[1] The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will grant the Motion to Dismiss.

### I. Procedural and Factual Background

Andrew J. Volz filed a "Petition for Appeal"[2] in the Colonial Heights Circuit Court, challenging the EEOC's dismissal of his Charge of Discrimination (the "Charge of

---

[1] The EEOC provided Volz with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 4.)

[2] No federal rule provides for a "petition for appeal" of an EEOC decision. The Court, nonetheless, will address Volz's claims because "[d]istrict courts have a duty to construe *pro se* pleadings liberally." *Blankenship v. Am. Fed. Gov't Employees*, No. 3:15cv294, 2016 WL 1276425, at *2 (E.D. Va. Mar. 30, 2016) (citing *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

Discrimination") arising out of his employment at Pizza Hut. (ECF No. 1-1.) The United States of America, on behalf of the EEOC, and pursuant to 28 U.S.C. §§ 1442(a)[3] and 1446,[4] properly removed the Petition for Appeal to this Court. (ECF No. 1.) The facts underlying Volz's claim arise from the Charge of Discrimination, which claimed that: (1) Volz was discriminated against on the basis of his sex and disability; and, (2) he was retaliated against for protected activity, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA").

Volz alleges that he began employment as a driver at Pizza Hut on April 30, 2014. Volz asserts that he informed his "Assistant Management, Crystal Mann," that his doctor "recommended [he] not do dishes." (Charge of Discrimination 6.) In June 2015, however, "Assistant Management, Lilian Casey," ordered him "to do dishes knowing [he] had an accommodation to not wash dishes." (*Id.*) Volz claims that he only observed men washing dishes and that "females would not have to wash dishes." (*Id.*) Volz, however, "was not given a reason why [he] should wash dishes," nor was he "given a reason why only males would do dishes." (*Id.*)

Volz later complained to the Store Manager "about being placed on delivery when [he] was already at another delivery." (*Id.*) Subsequently, Volz's "hours were cut and [he] was taken off the schedule entirely." (*Id.*) Volz argued to the EEOC that he "was forced to resign and constructively discharged [from Pizza Hut] because of [his] sex, male, [and] retaliated against

---

[3] Section 1442(a) provides, in pertinent part, that "[a] civil action or criminal prosecution that is commenced in a [s]tate court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).

[4] Section 1446 provides the procedure for removing civil actions from a state court.

because of [his] protected activity." (*Id.*) The EEOC dismissed the Charge of Discrimination, finding that the information before it did not establish violations of Title VII or the ADA.

## II. Analysis

The EEOC seeks dismissal of Volz's action on either of two grounds: (1) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1);[5] or, alternatively, (2) for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[6] Of course, if the Court lacks subject matter jurisdiction over the alleged claims, the EEOC's alternative basis for dismissal becomes moot. *Harrison v. U.S. Social Sec. Admin.*, No. 3:13cv435, 2014 WL 29042, at *1 (E.D. Va. Jan. 2, 2014). Accordingly, the Court begins by addressing the EEOC's motion as it pertains to subject matter jurisdiction. Because neither Title VII nor the ADA authorizes individuals alleging discrimination by a third party to file suit against the EEOC, the Court must dismiss Volz's Petition for Appeal.

### A. Federal Rule of Civil Procedure 12(b)(1) Standard

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va.*

---

[5] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[6] "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See id.*; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction intertwine with those facts central to the merits of the dispute, the proper course of action is for the court to find that jurisdiction exists and then to resolve the factual dispute on the merits unless the claim is made solely for the

purpose of obtaining jurisdiction, or is determined to be wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219.

> B.  **Title VII Does Not Authorize Suit Against the EEOC for Third-Party Discrimination**

Title VII does not confer subject matter jurisdiction over Volz's Petition for Appeal because Title VII does not authorize individuals alleging discrimination by a third party to file suit against the EEOC. Title VII affords no express cause of action against the EEOC. Title VII grants jurisdiction under three sections, none of which apply here: (1) Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3); (2) Section 707(b), 42 U.S.C. § 2000e-6(b); and Section 717(c), 42 U.S.C. § 2000e-16(c).

Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), authorizes federal district courts to hear enforcement actions brought by private parties against discriminating employers. Volz sues the EEOC, not Pizza Hut, the private party that allegedly discriminated against him. Accordingly, this Court does not have jurisdiction pursuant to Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3).

Section 707(b) of Title VII, 42 U.S.C. § 2000e-6(b), permits federal district courts to hear cases brought by the EEOC against persons engaged in a pattern or practice of resistance to the goals of Title VII. This case is not brought *by* the EEOC against persons engaging in a pattern or practice of resistance to the goals of Title VII. Volz brings suit *against* the EEOC. Thus, Section 707(b), 42 U.S.C. § 2000e-6(b) cannot provide jurisdiction allowing Volz to litigate this case.

Section 717(c) of Title VII, 42 U.S.C. § 2000e-16(c), grants federal district courts jurisdiction over claims of employment discrimination brought by federal employees (or

applicants for federal employment) against their federal employer. Volz's claim stems from private employment. He does not allege that he is a federal employee or an applicant for federal employment. Therefore, this Court lacks jurisdiction under Section 717(c), 42 U.S.C. §2000e-16(c).

Because none of the three jurisdictional provisions in Title VII covers Volz's case, no express cause of action exists for this Court to recognize. To the extent that, construing his claim liberally, Volz's Petition for Appeal could be characterized as one brought against the EEOC due to dissatisfaction with that agency's process or its decision, settled law also makes evident that Title VII does not provide such an implied cause of action. *Georator v. EEOC*, 592 F.2d 765, 765 (4th Cir. 1979). In sum, although Title VII authorizes federal district courts to hear cases against employers, Title VII does not grant jurisdiction over cases against the EEOC for actions taken by the EEOC in the course of carrying out its enforcement responsibilities.

### C. The ADA Does Not Authorize Suit Against the EEOC for Third-Party Discrimination

The ADA also does not confer subject matter jurisdiction over Volz's Petition for Appeal because the ADA does not authorize individuals alleging discrimination by a third party to file suit against the EEOC. This conclusion governs both an express and an implied cause of action. Section 107 of the ADA, 42 U.S.C. § 12117, incorporates the powers, remedies, and procedures of Title VII. Because Title VII does not confer jurisdiction over cases against the EEOC in its capacity as an enforcement agency, neither does the ADA. Accordingly, the ADA does not confer subject matter jurisdiction over Volz's Petition for Appeal, and Volz fails to carry his burden that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338.

### III. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. (ECF No. 2.) The Court will dismiss the Petition for Appeal, without prejudice, for lack of subject matter jurisdiction. (ECF No. 1-1.) However, to the extent Volz believes amendment could cure the jurisdictional issues requiring dismissal, the Court will grant Volz leave to file an amended complaint.

An appropriate order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 12/22/16